FRANCIS MARSHALL *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE AND OTHERS.—*December*, 1836.

Appeals from orders dissolving injunctions not prosecuted under the act of 1832, ch. 197, will not lie.

APPEAL from the court of *Chancery*.

On the 16th December, 1834, *Francis Marshall* filed his bill on the equity side of *Baltimore* county court, praying for an injunction to stay the corporation of the city of Baltimore,

its commissioners and officers, from proceeding to execute the act, for opening and increasing the width of German lane, in the city of Baltimore, which in the mode of its proposed execution encroached upon his freehold and improvements on German street. An injunction issued accordingly, and after answers filed, the cause was removed upon suggestion and affidavit to the court of Chancery, where BLAND, chancellor, on the 20th January, 1835, dissolved the injunction, and the complainant prosecuted the present appeal.

At this term, Campbell for the appellees moved to dismiss the appeal.

The motion was argued before BUCHANAN, Ch. J. and STEPHEN, ARCHER, DORSEY and CHAMBERS, Judges.

CAMPBELL for the appellees:

Stated that the order dissolving an injunction was interlocutory merely, and not the subject of an appeal. *Snowden, et al vs. Dorsey, et al* 6 *Har. and John.* 114. *Roberts, et al vs. Salisbury, et al* 3 *Gill and John.* 434. *Dorsey vs. Smith,* 2 *Har. and Gill.* 135. After the dissolution of this injunction, *Marshall* applied to one of the judges of the court for permission to appeal, which was refused him ; and without the *allicatur* no appeal lies. The act of 1832, ch. 197, settles this question. It introduced a new rule. It allows appeals from such orders on terms, which do not exist in this case.

MAYER for the appellant contended :

That this appeal was not within the principle of the cases respecting injunctions cited for the motion to dismiss. That it was within that of *Williamson vs. Carnan,* 1 *Gill and John.* 184. The order appealed from was in effect a formal decree. It was like the case of closing up a road. Looking to the consequences of the order, the injury was remediless, and the appeal was a repetition of the case of *Thompson vs. McKim,* 6 *Har. and John.* 302, 327. The decisions relied on, were not appeals from practical orders of the chancellor, they looked to no execution, but were the immediate practical effects of

the dissolution, affects the appellant's interests, and no future intervention of chancery could give him redress. The counsel has confounded the final character of these orders; they consider they must be final in their form and language, but it is only necessary they should be final in their effect and action.

This order is final in its nature, it permits the street to be opened, enlarged, widened, and the property of the appellant to be taken, which brings it within the case of *Thompson and McKim,* and the acts of the legislature. The distinction between orders which look to execution and those merely speculative, reconciles all the cases. Here the appellant's house was to come down, no compensation could make redress or restore the houses. And what difference is there between an order which commands a street to be opened, and a dissolution of an injunction which permits it to be done under colour of legislative sanction. The answers here admit the bill, and really there is nothing but a question of law upon the construction of the act of assembly. The complainant has nothing to prove, and this appeal must present the precise same question, if now heard, as upon final decree. The cause is not within the act of 1830, ch. 185, nor its provisions. It is introductory of no new law as respects this cause. It looked to certain cases in which appeals were to be stayed, and this is not one of them. The act of 1832, ch. 197, is merely cumulative.

R. JOHNSON, in reply.

There are two grounds for this motion to dismiss.

1. Independent of the act of 1830, the order appealed from was not final.

2. If a final order the appeal is taken away by the act of 1830.

The counsel has misconceived the grounds of the opinion of the court in the two cases cited, in supposing that an appeal lies in every case, if the court supposes irreparable injury is about to result.

1. He is mistaken as to the meaning of irreparable injury.

2. A mere irreparable injury is not the foundation of an appeal unless caused by a final decree.

This court refuses an appeal from the court of Chancery, when the decree rests in the breast of the Chancellor, and is liable to be changed at any time. This doctrine is affirmed by the case of *Smith and Dorsey*. What irreparable injury is there here? In *Thompson and McKim*, that sort of injury means without any redress at all *upon the principles assumed by the decree*. What is the irreparable injury here? Damages have been decided upon by a jury, and over them you have no jurisdiction. The only irreparable injury here is the assertion of the legal right to open the street, and if this has been erroneously assumed, upon the ultimate decree damages may be recovered. In this case, if irreparable injury be what it is argued to be, the refusal to grant the injunction would give a right of appeal. The refusal to grant, and the granting might be attended with like consequences.

The irreparable injury must flow from an order finally settling some right of the party appellant, and this is the meaning of the court in the case of *Thompson vs. McKim*. The general rule is that no appeal lies from an interlocutory order, and the object of the act of 1830, was for the very purpose of preventing appeals in such cases as *Thompson and McKim*, and *Williamson vs. Carnan*. They were to be stayed until final decision. The act of 1830, is in terms a legislative prohibition on this appeal, and the act of 1832, concedes that no appeal would lie, and was passed in some measure to qualify the general rule embraced in the act of 1830, and authorizes an appeal when allowed by one of the judges. In either view this motion ought to prevail.

Dorsey, Judge, delivered the opinion of the court.

The present appeal has not been prosecuted under the act of 1832, ch. 197. The right of the appellant to sustain it stands wholly unsupported by any legislative enactment upon the subject. It is a matter of surprise, therefore, that such an appeal should have been brought before this tribunal, since

its determination in the case of *Dorsey vs. Smith*, 2 *Har. and Gill*, 135, in which the court say, they take this occasion to declare, that they are unanimously of opinion that such appeals will not lie, and that they will consider them an abuse of the right to appeal, and will censure them accordingly.

APPEAL DISMISSED WITH COSTS.